UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>               Plaintiff,<br><br>    v.<br><br>J. OROZCO, et al.,<br><br>               Defendants. | 1:19-cv-00048-AWI-GSA-PC<br><br>**ORDER STRIKING EXHIBITS**<br>**(ECF No. 6.)**<br><br>**ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT WITH EXHIBITS ATTACHED, AS INSTRUCTED BY THIS ORDER**<br><br>**THIRTY DAY DEADLINE**<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR FREE COPIES**<br>**(ECF No. 10.)** |

**I.    BACKGROUND**

    Rogelio May Cruz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On December 12, 2018, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On December 17, 2018, Plaintiff submitted 182 pages of exhibits to the court. (ECF No. 6.) On January 4, 2019, Plaintiff filed a request for a copy of his Complaint. (ECF No. 10.)

1

## II. PLAINTIFF'S EXHIBITS -- LOCAL RULE 220 AND FEDERAL RULE OF CIVIL PROCEDURE 15(a) - AMENDING THE COMPLAINT

Local Rule 220 provides, in part:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

On December 17, 2018, Plaintiff submitted 182 pages of exhibits to the court, separate from the Complaint that was filed on December 12, 2018. (ECF No. 6.) Plaintiff may not add supporting exhibits in this manner. Under Rule 220, Plaintiff may not amend the Complaint by adding exhibits submitted separately from the Complaint. Therefore, Plaintiff's 182 pages of exhibits shall be stricken from the record for violation of Local Rule 220.[1] To add information or make a correction to the Complaint, Plaintiff must file an amended complaint which is complete in itself, without reference to prior complaints. To add his exhibits, Plaintiff must file a First Amended Complaint, complete in itself, with the exhibits attached.

With respect to exhibits, while they are permissible, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.

If Plaintiff attaches exhibits to the First Amended Complaint, Plaintiff should make reference, in the complaint, to specific exhibits as they apply to the allegations, claims, or other parts of the complaint. Plaintiff is cautioned that it is not the duty of the court to look through all of his exhibits to determine whether or not he has claims cognizable under § 1983. Rather,

///

---

[1] A document which is "stricken" will not be considered by the Court for any purpose.

the court looks to the factual allegations contained in Plaintiff's complaint to determine whether or not he has stated a cognizable claim for relief under § 1983.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). In the interest of justice, the court shall allow Plaintiff to file a First Amended Complaint with his exhibits attached. Plaintiff is granted thirty days in which to file the First Amended Complaint. The First Amended Complaint does not need to be identical to the Complaint, but it should be materially the same. Plaintiff is not granted leave to change the nature of the complaint, add defendants for unrelated claims, or add allegations of events occurring after this case was filed on December 12, 2018. If Plaintiff chooses to amend the complaint, he shall clearly title the amended complaint "First Amended Complaint" and refer to case number 1:19-cv-0048-AWI-GSA-PC.

### III. REQUEST FOR FREE COPIES

Plaintiff requests a free copy of his Complaint. The Complaint, which is 9 pages long, was filed on December 12, 2018. (ECF No. 1.) However, Plaintiff submitted 182 exhibits to the court on December 17, 2018, and it is apparent that Plaintiff seeks copies of the Complaint and the exhibits. Plaintiff asserts that he sent his original copies to the court because the librarian would not provide him with more than 50 copies.

Plaintiff is advised that the Clerk does not ordinarily provide free copies of case documents to parties. The Clerk charges $.50 per page for copies of documents. See 28 U.S.C. § 1914(a). Copies of up to twenty pages may be made by the Clerk's Office at this Court upon written request and prepayment of the copy fees. The fact that the Court has granted leave for Plaintiff to proceed *in forma pauperis* does not entitle him to free copies of documents from the Court. Under 28 U.S.C. § 2250, the Clerk is not required to furnish copies without cost to an indigent petitioner except by order of the judge. To request copies of his Complaint and 182 exhibits at this juncture, Plaintiff must submit a request in writing to the Clerk, a large self-addressed envelope affixed with sufficient postage, and prepayment of copy costs to the Clerk. Based on the foregoing, Plaintiff's request for free copies shall be denied.

**IV. CONCLUSION**

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's 182 pages of exhibits to the Complaint, submitted after the Complaint was filed, are STRICKEN from the record for violation of Local Rule 220;

2. Plaintiff is granted leave to file a First Amended Complaint with exhibits attached, if he so wishes, within thirty days of the date of service of this order, as instructed by this order; and

3. If Plaintiff does not file a First Amended Complaint within the thirty-day time period, this case shall proceed with the 9-page Complaint filed on December 12, 2018, without exhibits; and

4. Plaintiff's request for free copies, filed on January 4, 2019, is DENIED.

IT IS SO ORDERED.

Dated: **February 5, 2019** **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE