UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. OROZCO, et al.,<br><br>　　　　Defendants. | 1:19-cv-00048-AWI-GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND INTERPRETER<br><br>(ECF No. 31.) |

On August 12, 2020, Plaintiff filed a motion seeking the appointment of counsel and an interpreter. Previously, on July 16, 2020, the court denied this same motion filed by Plaintiff on July 1, 2020. (ECF No. 29.) Plaintiff presents no evidence that his circumstances have changed since he filed his previous motion on July 16, 2020. Plaintiff again asserts that he does not speak English, has a low TABE score, and does not understand the law, rules of court, or legal terminology.

**I.     MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in

certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff's circumstances are challenging, but these circumstances alone do not make his case exceptional under the law. Plaintiff's Complaint is in the screening stage, and at this stage of the proceedings, the court cannot determine if Plaintiff is likely to succeed on the merits. Moreover, Plaintiff has requested dismissal of this case if he is unable to proceed against one of the defendants.

Plaintiff acknowledges that someone is helping him with his case and with this assistance, Plaintiff has been able to adequately articulate his claims. Plaintiff's excessive force and medical claims, found cognizable by the court, are not complex. The court does not find the exceptional circumstances in this case required by the Ninth Circuit. Plaintiff is advised that he may renew his motion for counsel at a later stage of the proceedings. Accordingly, Plaintiff's motion for appointment of counsel shall be denied, without prejudice.

## II.     REQUEST FOR AN INTERPRETER

Plaintiff also requests that the court appoint him an interpreter in this action to help him litigate this case. Although the court acknowledges the difficulties Plaintiff's limitations may pose for him in this action, Plaintiff has not shown that this court has the authority to appoint him an interpreter. "[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress . . . ." Tedder v. Odel, 890 F.2d 210, 211–12 (9th Cir. 1989) (quoting United States v. MacCollom, 426 U.S. 317, 321, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976)). The court is unaware of any statute authorizing the expenditure of public funds for a court-appointed interpreter in a civil action. The *in forma pauperis* statute does not authorize the expenditure of public funds for court-appointed interpreters. See 28 U.S.C. § 1915; Loyola v.

Potter, 2009 WL 1033398, at *2 (N.D.Cal. Apr.16, 2009) ("The court is not authorized to appoint interpreters for litigants in civil cases, and, moreover, has no funds to pay for such a program."); Fessehazion v. Hudson Group, 2009 WL 2596619, at *2 (S.D.N.Y. 2009) ("[G]enerally, *pro se* civil litigants have no entitlement to an interpreter or translator."); Mendoza v. Blodgett, 1990 WL 263527, at *15 (E.D.Wash. Dec. 21, 1990) ("There is no specific statute which authorizes the court to appoint an interpreter in civil *in forma pauperis* actions."); compare Fed. R. Civ. P. 43(d) (granting a trial judge discretion to appoint an interpreter for trial). Therefore, Plaintiff's request for a court-appointed interpreter shall be denied.

### III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel, filed on August 12, 2020, is denied without prejudice; and
2. Plaintiff's motion for appointment of an interpreter, filed on August 12, 2020, is DENIED.

IT IS SO ORDERED.

Dated:   **August 13, 2020**              /s/ Gary S. Austin
                                         UNITED STATES MAGISTRATE JUDGE