UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ, <br><br> Plaintiff, <br><br> vs. <br><br> J. OROZCO, et al., <br><br> Defendants. | 1:19-cv-0048-AWI-GSA-PC <br><br> **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** <br> (Doc. No. 23) <br><br> **ORDER CLOSING CASE IN LIGHT OF REQUEST FOR DISMISSAL** <br> (Doc. Nos. 25, 30) |

Rogelio May Ruiz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 9, 2020, the court entered findings and recommendations, recommending that this action proceed against defendants Orozco and Hernandez on Plaintiff's excessive force claims and against defendant Orozco on Plaintiff's medical claim, but that all other claims and defendants be dismissed from this action with prejudice, based on Plaintiff's failure to state a claim. Doc. No. 23.

On July 1, 2020, Plaintiff filed objections to the findings and recommendations. Doc. No. 24. Also on July 1, 2020, Plaintiff filed what the Court views as a contingent motion to dismiss. Doc. No. 25. The motion states that if the Court is not able to take legal action against the Jane Doe female correctional officer, then the case should be dismissed without prejudice because the Jane Doe "began all this disruption." Id.

On August 12, 2021, Plaintiff again filed the identical contingent motion to dismiss. See Doc. No. 30.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file,

1

including Plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis. Therefore, the Court will adopt the Findings and Recommendation. As a result, the Jane Doe correctional officer will be dismissed with prejudice.

Because it has been determined that there are no plausible claims against the Jane Doe female correctional officer, the contingent event identified in Plaintiff's two motions to dismiss has occurred. Plaintiff's motions are unusual. Nevertheless, the fact that Plaintiff filed the identical motion not once but twice clearly shows that he does not wish to proceed with this case unless the Jane Doe female correctional office is an active and viable defendant in this case. After consideration, the Court will not require Plaintiff to file the same or modified motion to dismiss a third time. Instead, the Court will view the motions to dismiss as brought pursuant to Federal Rule of Civil Procedure 41(a), give effect to the motions, and order this case to be closed.

Based on the foregoing, **THE COURT HEREBY ORDERS** that:

1. The findings and recommendations (Doc. No. 23) issued by the Magistrate Judge on June 9, 2020, are ADOPTED in full;

2. All claims and defendants, except Plaintiff's claims for excessive force against defendants Orozco and Hernandez against defendant Orozco on Plaintiff's medical claim, are dismissed, with prejudice based on Plaintiff's failure to state a claim upon which relief may be granted;

4. In light of the Plaintiff's Rule 41(a) request for dismissal (Doc. Nos. 25, 30), the remainder of this case is DISMISSED without prejudice; and

5. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated: __February 2, 2021__          _____
                                        SENIOR DISTRICT JUDGE