UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>J. OROZCO, et al.,<br><br>　　　　　　Defendants. | **1:19-cv-00048-AWI-GSA (PC)**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION TO REOPEN CASE BE DENIED**<br><br>**(ECF No. 36.)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

**I.  BACKGROUND**

Rogelio May Ruiz ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  The Complaint commencing this case was filed on December 12, 2018.  (ECF No. 1.)  On February 2, 2021, the Court dismissed this case in light of Plaintiff's requests to dismiss this case filed on July 1, 2020 and August 12, 2020.  (ECF No. 34.)  Judgment was entered on February 2, 2021.  (ECF No. 35.)

On September 19, 2022, Plaintiff filed a motion to reopen this case.  (ECF No. 36.)

1

## II. MOTION TO REOPEN CASE

### A. Rule 60(b)

Federal Rule of Civil Procedure 60(b) permits a district court to relieve a party from a final order or judgment on grounds of:

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion must be made "within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order of the date of the proceeding." Fed. R. Civ. P. 60(c)(1); see Hogan v. Robinson, 2009 WL 1085478, at *4 (E.D. Cal. Apr. 22, 2009 (Rule 60(b)(6) motion "filed over 18 months after judgment was entered, and over two years after Plaintiffs were put on notice of the facts and circumstances upon which they rely[ ]" was untimely); Swait v. Evans, 2008 WL 4330291, at *5– 6 (C.D. Cal. Sept. 22, 2008) (Rule 60(b) motions untimely where petitioner "failed to proffer any legally valid explanation for his two-year delay" in filing).

### B. Rule 59(e) – Motion to Alter or Amend a Judgment

A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e).

## III. PLAINTIFF'S MOTION

Plaintiff requests the Court to reopen his case. Plaintiff explains that he did not file his motion to reopen the case for more than 18 months after the case was closed because he cannot

speak or read English, and he did not find out that his case was closed until he was informed by the librarian.   Plaintiff explains that when he filed his motions to dismiss on July 1, 2020 and August 12, 2020, he did not intend to request dismissal of his case in its entirety.  Instead, he meant to request dismissal of only one of the defendants, a Jane Doe defendant who is a nurse.  Plaintiff asserts that he never would agree to dismiss his Complaint against defendants Orozco and Hernandez because they seriously injured him.

**Discussion**

Plaintiff's case was dismissed and judgment was entered on February 2, 2021, however Plaintiff did not file his motion to reopen the case until more than 18 months later.  Therefore, Plaintiff's motion was untimely under Rule 52(c) and 60(b).

Moreover, Plaintiff fails to meet any of the requirements for granting a motion under Rule 60(b).  He has not shown "mistake, inadvertence, surprise, or excusable neglect."  He has not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, Plaintiff has not presented any other reasons justifying relief from judgment.

The undersigned is sympathetic to Plaintiff's challenges as a non-English speaker. Importantly however, if Plaintiff knew that he could not read the Court's order, he certainly had the responsibility to use due diligence to determine what the Court's order stated after it was served on him.  The fact that he does not speak English is not "newly discovered" information.  To the extent that Plaintiff's circumstances could be considered a "mistake, surprise, or excusable neglect," Plaintiff's explanation does nothing to establish that he is entitled to have his case reopened—he is the one who filed two identical motions requesting this court to dismiss his case, without prejudice, if it was determined by the court that he would not be allowed to pursue in his complaint an action against the "c/o female who began all this disruption on 11-11-17".  The court did determine that the "c/o female" should dismissed from the case and she was in fact dismissed from the case with prejudice on the Feb. 2, 2021.  Although it was determined by the court that Plaintiff had stated a viable claim for excessive force against two other defendants named in the 2AC, based on Plaintiff's two requests, the remaining claim and two defendants were also

dismissed, but without prejudice. Thus, the case was dismissed on Feb. 2, 2021 in its entirety pursuant to Plaintiff's request as the court had determined Plaintiff's case could not go forward against the female c/o. Accordingly, the undersigned shall recommend that Plaintiff's motion to reopen this case be denied.

### III.     CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion to reopen this case, filed on September 19, 2022, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 21, 2022**              **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE